[J-41D-2017] [OAJC: Saylor, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 86 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 2125 MDA 2014 dated July |
| | : | 14, 2015, Reconsideration Denied |
| v. | : | September 17, 2015, Vacating and |
| | : | Remanding the Judgment of Sentence |
| | : | of Schuylkill County Court of Common |
| ANGEL ANTHONY RESTO, | : | Pleas, Criminal Division, at No. CP-54- |
| | : | CR-0001840-2013 dated November 24, |
| Appellee | : | 2014. |
| | : | |
| | : | ARGUED: May 9, 2017 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                         **DECIDED: February 21, 2018**

I agree with the Opinion Announcing the Judgment of the Court ("OAJC") that 42 Pa.C.S. §9718(a)(3) ("A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment …") "simply cannot run afoul of a constitutional rule disapproving judicial fact-finding related to 'facts that increase mandatory minimum sentences.'" OAJC, slip op. at 4, *quoting Alleyne v. United States*, 570 U.S. 99, 116 (2013). The rule established in *Alleyne* is not violated when judicial fact-finding is not necessary prior to imposing a mandatory minimum sentence, regardless of whether the statutory provision at issue is accompanied by a "proof at sentencing" provision like the one found at 42 Pa.C.S. §9718(c). *See* OAJC, slip op. at 4. I therefore concur in the result reached by the OAJC.

Respectfully, however, I cannot agree with the OAJC's reasoning distinguishing the *Alleyne* analyses of Section 9718(a)(3), at issue in this case, and Section

9718(a)(1), at issue in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). In my view, the OAJC does not sufficiently cabin the holding in *Wolfe* and I maintain my position *Wolfe* was wrongly decided. *See, e.g.*, *Wolfe*, 140 A.3d at 672 (Dougherty, J., dissenting) ("I have difficulty upsetting the judgment below without considering the actual trial and litigation of the matter … this particular defendant was afforded all the United States Constitution could be said to mandate at his trial").

Although Section 9718(a)(1) may violate *Alleyne* as applied to certain defendants, "[t]he focus for purposes of *Alleyne* is not on the sentencing statute, but, rather, on whether a defendant has been denied his or her right to a trial by jury on the facts triggering a sentence." *Wolfe*, 140 A.3d at 669 (Todd, J., dissenting). Today we correctly hold appellee's right to a jury trial was satisfied because judicial fact-finding was unnecessary, but the same was true in *Wolfe*. Wolfe was convicted of involuntary deviate sexual intercourse under 18 Pa.C.S. §3123(a)(7), an element of which is that the complainant is under sixteen years of age. Wolfe was then sentenced under Section 9718(a)(1) which provides for a mandatory minimum sentence of not less than ten years for those convicted under 18 Pa.C.S. §3123 when the victim is under sixteen years of age. This "additional fact" of the age of the victim was found beyond a reasonable doubt by the jury in Wolfe's case and thus judicial fact-finding was unnecessary regardless of the "proof at sentencing" provision found at Section 9718(c). Pursuant to the OAJC's analysis of Section 9718(a)(3) in this case, an analysis in which I join, the *Alleyne* rule could not have been violated in *Wolfe*, and in my view, that decision should be overturned.

Justice Todd joins Justice Dougherty's concurring opinion